## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| T. ROWE PRICE GROWTH STOCK FUND, INC., et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>                     Defendants. | Honorable Michael A. Shipp, U.S.D.J.<br><br>Civil Action No. 16-CV-5034-MAS-LHG<br><br>**Electronically Filed**<br><br>**Oral Argument Requested**<br><br>Return Date: September 5, 2017 |
| BLOOMBERGSEN PARTNERS FUND LP, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>                     Defendants. | Civil Action No. 16-CV-07212-MAS-LHG |
| EQUITY TRUSTEES LIMITED AS RESPONSIBLE ENTITY FOR T. ROWE PRICE GLOBAL EQUITY FUND, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>                     Defendants. | Civil Action No. 16-CV-6127-MAS-LHG |

PRINCIPAL FUNDS, INC., et al.,

                        Plaintiffs,

v.

VALEANT PHARMACEUTICALS
INTERNATIONAL, INC., et al.,

                        Defendants.

Civil Action No. 16-CV-6128-MAS-LHG

---

## BRIEF IN SUPPORT OF DEFENDANT HOWARD B. SCHILLER'S OMNIBUS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINTS

---

**OF COUNSEL**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, New Jersey 07102
973) 848-7645
James S. Richter
Melissa Steedle Bogad

*Counsel for Defendant Howard B. Schiller*

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.      Introduction ........................................................................................................... 1

II.     Count I Should Be Dismissed With Respect to Purchases Made After October 2015, Because Plaintiffs Cannot Establish Reliance as to Those Purchases ............................... 3

III.    Count II Should Be Dismissed Because Plaintiffs Have Not Adequately Pled a Violation of Section 18 ............................................................................................ 3

IV.     Conclusion ............................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006)..................................................................................3

*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*,
  Memorandum Opinion, No. 15-7658 (MAS) (LHG) (D.N.J. April 28, 2017).........................2

*Institutional Inv'rs Grp.* v. *Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009)..................................................................................1

*Klawonn v. YA Glob. Investments, L.P.*,
  No. CV 10-2108 (KM), 2016 WL 5923435 (D.N.J. May 6, 2016) ..........................................4

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011)..............................................................................................1

*Oaktree Capital Mgmt., L.P. v. KPMG*,
  963 F. Supp. 2d 1064 (D. Nev. 2013)......................................................................4

*Semerenko v. Cendant Corp.*,
  223 F.3d 165 (3d Cir. 2000)..................................................................................3

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007)..................................................................................1

*Witriol v. Conexant Sys., Inc.*,
  No. 04-6219 (SRC), 2006 WL 3511155 (D.N.J. Dec. 4, 2006) ................................................4

## STATUTES

15 U.S.C. § 78r(c) ..............................................................................................4

15 U.S.C. § 78u–4(b)(1) ......................................................................................1

15 U.S.C. § 78u–4(b)(2) ......................................................................................1

Defendant Howard B. Schiller respectfully submits this Brief in Support of his Partial Motion to Dismiss Plaintiffs' Complaints in the four above-referenced actions.

## I.      Introduction

Count I of Plaintiffs' Complaints asserts against Schiller a claim for alleged violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  However, Plaintiffs do not plead any particularized facts showing that any statements attributed to Schiller were materially misleading when they were made.  15 U.S.C. § 78u–4(b)(1).  Most of the statements attributed to Schiller did not even address the matters Valeant allegedly concealed from the market. Plaintiffs instead point to statements or certifications about Valeant's business practices or results of operations, or opinions concerning industry trends, and claim erroneously that such statements were misleading simply because they did not reveal supposed unsustainable pricing or alleged improper activities by Philidor.  But Schiller had no duty to make such *non sequitur* revelations, unrelated to the subject matter he was addressing.  *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) ("[d]isclosure is required . . . only when necessary to make . . . statements made, in the light of the circumstances under which they were made, not misleading.").

Nor do Plaintiffs make any legitimate allegations concerning Schiller's motive to defraud Valeant shareholders, pointing only to a motive possessed by all corporate management to increase share price. *Institutional Inv'rs Grp.* v. *Avaya, Inc.*, 564 F.3d 242, 278-79 (3d Cir. 2009).  Plaintiffs do not otherwise assert particularized facts sufficient to establish a strong inference of scienter as to Schiller, 15 U.S.C. § 78u–4(b)(2), as opposed to other individuals or Valeant as an undifferentiated whole.  *See Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007) (prohibiting "group pleading" and requiring particularized allegations of fraud as to each individual defendant).  Plaintiffs resort to grossly misrepresenting Schiller's February 2016 testimony before the House Oversight Committee, alleging he "admitted" in certain ways that

Valeant had engaged in unlawful or deceptive practices, *see, e.g.*, *T. Rowe Price* Compl., Dkt. Entry No. 1, ¶¶ 393-94, though he said nothing of the kind.   The Complaints also attempt to exploit a Valeant statement in March 2016 asserting that Schiller engaged in unspecified "improper conduct" relating to premature recognition of an inconsequential amount of revenue in the second half of 2014.   *See, e.g.*, *id.* ¶ 315.   But this statement does not come close to satisfying Plaintiffs' burden of pleading facts sufficient to support a strong inference of scienter.   It does not state—nor do Plaintiffs claim Valeant has ever stated—that Schiller engaged in any fraudulent or reckless behavior.   In any event, the allegedly mistaken accounting reveals nothing about Schiller's supposed scienter with respect to Valeant's alleged concealment of unsustainable price increases or relationship with Philidor.

Notwithstanding the foregoing and other pleading defects, the allegations underpinning Plaintiffs' Section 10)(b)/Rule 10b-5 claims in the Complaints at issue in these actions largely concern the same alleged circumstances and broadly allege the same supposed fraud as in the related, putative class action matter in which this Court declined to dismiss a Section 10(b)/Rule 10b-5 and related Section 20(a) "control person" claim against Schiller.   *See In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Memorandum Opinion, No. 15-7658 (MAS) (LHG) (D.N.J. April 28, 2017).   Accordingly, without conceding—but rather expressly rejecting—that Plaintiffs have adequately pled against Schiller claims for alleged violations of Section 10(b)/Rule 10b-5 or Section 20(a), in order to avoid duplicative briefing and out of respect for the preservation of judicial resources, Schiller does not repeat in this brief arguments in support of dismissing Plaintiffs' Section 10(b)/Rule 10b-5 or Section 20(a) claims, except as stated herein and in the memorandum filed by Defendants Valeant Pharmaceuticals International, Inc., Robert Rosiello, and Ari S. Kellen concerning Plaintiffs' inability to establish reliance with respect to purchases of Valeant securities made after October 2015.   For the same reasons, Schiller has not moved to dismiss certain of the Securities Act claims asserted by the *T. Rowe Price*, *Equity*

*Trustees*, and *Principal Funds* Plaintiffs, which were upheld in relation to similar allegations in the Court's April 28, 2017 order in the putative class action.

Schiller hereby joins the Partial Motion to Dismiss Plaintiffs' Complaints and supporting omnibus memorandum filed by Valeant, Rosiello, and Kellen and incorporates by reference the arguments and authority cited therein that support partial dismissal of Plaintiffs' Section 10(b)/Rule 10b-5 claims, and dismissal of Plaintiffs' claims for violations of Section 18 of the Exchange Act (Count II).

## II.    Count I Should Be Dismissed With Respect to Purchases Made After October 2015, Because Plaintiffs Cannot Establish Reliance as to Those Purchases

Plaintiffs' claims for violation of Section 10(b)/Rule 10b-5 should be dismissed to the extent they seek recovery for securities purchases made after October 30, 2015.  Though Plaintiffs purport to rely upon the presumption of reliance provided by the "fraud-on-the-market" doctrine, *see, e.g.*, *T. Rowe Price* Compl., Dkt. Entry No. 1, ¶ 471, as explained in Valeant's brief, Plaintiffs cannot establish fraud-on-the-market reliance on Schiller's alleged misstatements or omissions after October 2015, because by that time, the allegedly concealed information had been revealed to the market through press reports and Valeant's disclosures to the market.  *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 181 (3d Cir. 2000).

## III.    Count II Should Be Dismissed Because Plaintiffs Have Not Adequately Pled a Violation of Section 18

Plaintiffs fail adequately to plead alleged violations of Section 18 of the Exchange Act, as asserted in Count II of each of the Complaints.  A Section 18 claim requires a plaintiff to plead that they purchased securities in "actual reliance" on the specific statements alleged to be misleading.  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283 (3d Cir. 2006).  Yet, three of the Complaints—*T. Rowe Price*, *Equity Trustees*, and *Principal Funds*—simply estimate the number of purchases made over the course of lengthy periods, without specifying which purchases were made in reliance on which statements in which filings, and the *BloombergSen*

Complaint simply alleges "over 15" purchase made over nearly four years, partly predating when Valeant even filed the first Form 10-K upon which the Plaintiffs claim to have relied in making those purchases.  That is inadequate to plead Section 18 reliance.  *See, e.g.*, *Witriol v. Conexant Sys., Inc.*, No. 04-6219 (SRC), 2006 WL 3511155, at *7 (D.N.J. Dec. 4, 2006).

Further, Section 18 contains a three-year statute of repose, 15 U.S.C. § 78r(c), which bars claims predicated on purchases made more than three years prior to the filing of the complaint— i.e., here, the alleged purchases identified in the *BloombergSen* Complaint that were made on or prior to October 12, 2013, as such purchases were more than three years before the action was filed on October 13, 2016.  *See Klawonn v. YA Glob. Investments, L.P.*, No. CV 10-2108 (KM), 2016 WL 5923435, at *7 (D.N.J. May 6, 2016); *Oaktree Capital Mgmt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1082 n.14, 1092 (D. Nev. 2013).

## IV.    Conclusion

For the foregoing reasons, Schiller respectfully requests that the Court dismiss Count I of the Complaints for alleged violation of Section 10(b)/Rule 10b-5 to the extent those claims concern securities purchases made after October 2015, and dismiss entirely Count II of the Complaints for alleged violation of Section 18.

WINSTON & STRAWN LLP
*Counsel for Defendant Howard B. Schiller*

By: s/ Melissa Steedle Bogad_____
    James S. Richter
    jrichter@winston.com
    Melissa Steedle Bogad
    mbogad@winston.com

Dated: June 16, 2017
**OF COUNSEL:**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000